UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23858-MOORE/Elfenbein

*In re*

**ELENA SHCHEGOLEVA
DISCOVERY APPLICATION**,

**ELENA SHCHEGOLEVA**,

           Applicant,

**Pursuant to 28 U.S.C. § 1782 for
Judicial Assistance in Obtaining
Evidence for Use in a Foreign Proceeding**.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Third Party Oleg Shchegolev's ("Movant") Motion to Intervene and for Leave to Respond to Applicant's *Ex Parte* Application to Take Discovery Pursuant to 28 U.S.C. § 1782 (the "Motion"), ECF No. [7]. The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law with respect to" the Application to Take Discovery Pursuant to 28 U.S.C. § 1782 (the "Application"), ECF No. [1]. *See* ECF No. [3]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [7]**, be **GRANTED**.[1]

---

[1] Under 28 U.S.C. § 636(b), a magistrate judge can issue a report and recommendation on dispositive matters, while non-dispositive matters may be resolved by order subject to clear-error review. *See* 28 U.S.C. § 636(b). The Eleventh Circuit has not squarely decided whether a motion to intervene is dispositive, but it has noted that "the practice in at least some districts in our Circuit has been for a magistrate judge to draft a report and recommendation for the district court when a motion to intervene is filed because "a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent." *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013) (citing *Newman v. Sun Capital, Inc.*, No. 09–CV–445, 2010 WL 326069, at *1 (M.D. Fla. Jan. 21, 2010)); *see also Smith v. Powder Mountain, LLC*, Nos. 08–CV–80820, 08–CV–81185, 2010 WL 5483327, at *1 (S.D. Fla. Dec. 8, 2010) ("[T]he motion presently before the Court is a motion to intervene, which, because of its

CASE NO. 25-CV-23858-MOORE/Elfenbein

I.      BACKGROUND

In the Application, Applicant **ELENA SHCHEGOLEVA** ("Applicant") asks the Court for an order authorizing discovery pursuant to 28 U.S.C. § 1782 in aid of a pending divorce proceeding in Barcelona, Spain, initiated by Applicant's husband, Movant, on February 20, 2025. *See* ECF No. [1] at 2. The Application asserts that the couple's net worth primarily derives from SEMrush, a company for which Movant serves as the Chief Technology Officer. *See id* at 2. Applicant alleges that Movant made false statements during the divorce proceedings concerning whether substantial assets from SEMrush are marital property. Applicant further alleges that Movant, with assistance from Andrew George Sukhin ("Sukhin"), Managing Director of AGS Wealth Management Group ("AGS") of Raymond James Financial, Inc. ("Raymond James"),[2] Alexandra Agniya Hill ("Hill") Senior Vice President of AGS, and trusts and estates counsel Michael Bass ("Bass") and others, has concealed and shielded marital assets. *See id*. at 1-2. Applicant alleges that "Movant, Sukhin, Hill, Bass and others used financial instruments to transact in hidden marital property including but not limited to AGS managed Raymond James accounts, AGS managed Morgan Stanley accounts, and Movant's American Express ('Amex') credit cards." *See id*. at 3. Applicant further alleges that Mariya Mikhaylovna Gavdyak, a/k/a Mariia Mihaylivna Havdiak ("Havdiak") has been romantically involved with Movant since mid-2023 and has received travel and other discretionary expenditures funded by him. *See id*. at 10-

---

dispositive nature, cannot be decided by a magistrate judge absent the parties' consent."). Because no party has consented to final disposition by a magistrate judge, the undersigned, out of an abundance of caution, addresses the motion to intervene by report and recommendation. *See Sec. & Exch. Comm'n v. BKCoin Mgmt.*, LLC, No. 23-CV-20719, 2024 WL 2874857, at *1 (S.D. Fla. May 17, 2024), *report and recommendation adopted*, No. 23-CV-20719, 2024 WL 3013632 (S.D. Fla. June 14, 2024); *Bake House SB, LLC v. City of Miami Beach*, No. 17-CV-20217, 2017 WL 2645760, at *2 (S.D. Fla. June 20, 2017); *Abreu v. Pfizer, Inc.*, No. 21-CV-62122, 2022 WL 2341427, at *1 (S.D. Fla. Feb. 3, 2022), *report and recommendation adopted* (Mar. 22, 2022).

[2] Formerly Managing Director of Morgan Stanley Smith Barney LLC ("Morgan Stanley").

11. Applicant alleges that Movant uses martial assets to fund Havdiak's expenses. *See id*. at 11-12.

Applicant alleges that she lacks access to U.S.-based financial records and witnesses necessary to test those statements in the Spanish court. *See id*. Applicant represents that access to relevant account statements, transactional records, communications, and third-party records (including records from Havdiak regarding travel, lodging, and discretionary spending allegedly funded by Movant) is necessary to trace assets and present evidence in Spain regarding equitable distribution, alimony, and child support. *See id*. Applicant seeks leave to issue subpoenas *duces tecum* to Sukhin, Hill, and Havdiak, and to obtain documentary records from Raymond James, Morgan Stanley, and Amex (collectively, the "Respondents"), all for use in the pending divorce proceeding in Barcelona, Spain. *See id*. at 1.

On September 5, 2025, Movant filed the Motion to Intervene under Federal Rule of Civil Procedure 24(a) and for leave to respond to the Application, asserting he is the underlying target of the requested discovery and therefore has a direct interest in the requested relief. *See* ECF No. [7] at ¶¶4-5. Movant requests ten (10) days to respond to the Application. *See id*. at 3. Movant also previews his arguments on the merits of the Application. *See id*. at 2-4. Specifically, Movant argues that § 1782 discovery is improper because: (1) it appears directed to issues of asset distribution that are allegedly not presently under consideration by the Spanish court; (2) Applicant has made the same requests to the Spanish court that she makes now to this Court without awaiting the Spanish court's resolution; and (3) a petition for dissolution of the Shchegolev's marriage has also been filed, and remains pending, in Florida state court and the Spanish and Florida courts have yet to "decide which is the proper forum to exercise subject matter jurisdiction to dissolve the parties' marriage and adjudicate the related financial issues. . ." *See id*.

3

CASE NO. 25-CV-23858-MOORE/Elfenbein

On September 18, 2025, Applicant filed her Opposition to the Motion to Intervene (the "Response"), arguing the Court should deny intervention under Federal Rule of Civil Procedure 24 and permit the § 1782 application to proceed *ex parte*. *See* ECF No. [9] at 1. Applicant contends Movant seeks intervention primarily to drain Applicant's limited resources and delay evidence needed for the Spanish proceeding, for which the Spanish court has already set an evidentiary hearing on January 22, 2026. *See id*. at 1-2. Applicant cites to the Eleventh Circuit standard on intervention, requiring the party seeking intervention to show that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Athens Lumber Co., Inc. v. Federal Election Commission,* 690 F.2d 1364, 1366 (11th Cir. 1982)).

Applicant concedes that Movant's intervention is timely but asserts the second factor is not satisfied because Movant lacks a direct, substantial, legally protectable interest in the discovery, which Applicant claims pertains to financial records and trust-related materials belonging to her or to trusts in which she was a beneficiary and investment advisor. *See id*. at 4. For this reason, Applicant argues the third factor also fails because Movant purportedly will not be practically disadvantaged by allowing Applicant to obtain discovery that rightfully belongs to her. *See id*. at 5. Applicant further argues Movant fails to show Respondents, including Movant's long-term partner, Havdiak, inadequately represent his interests, rendering intervention unnecessary and duplicative. *See id*. Applicant also briefly addresses Movant's substantive arguments regarding the Application and opposes them. *See id*. at 6-7.

Movant thereafter filed his Reply in Support of his Motion to Intervene (the "Reply"), but now cites to Rule 24 subsections (a) *and* (b) (as of right and permissive intervention, respectively). *See* ECF No. [10] at 3. He argues Applicant's Response does not defeat intervention under Rule 24, contending that denial of intervention would practically disadvantage him in the Spanish proceedings as he is the adverse party there and that the subpoena Respondents do not adequately represent his interests because he is the only party in the Spanish proceedings. *See id*. at 4-6.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for intervention "as of right" under Rule 24(a)(2) when the proposed intervenor establishes four conjunctive requirements: "(1) [the] application to intervene is timely; (2) [the proposed intervenor] has an interest relating to the property or transaction which is the subject of the action; (3) [the proposed intervenor] is so situated that disposition of the action, as a practical matter, may impede or impair [the proposed intervenor's] ability to protect that interest; and (4) [the proposed intervenor's] interest is represented inadequately by the existing parties to the suit." *Chiles*, 865 F.2d at 1213 (citing *Athens,* 690 F.2d at 1366). If each requirement is established, "the district court must allow" intervention. *See id*.

Timeliness is assessed with flexibility and turns on factors including: "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *In re Martinez*, 736 F. Supp. 3d 1189, 1200 (S.D.

Fla. 2024) (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (cleaned up)).  In the § 1782 context, courts in this District have found intervention timely even when filed weeks after an order granting the application, particularly where the intervenor's notice was tied to subpoena service and there is no showing of meaningful prejudice from the timing.  *See id*.

The "interest" required for intervention of right must be "direct, substantial, [and] legally protectable," with a flexible analysis that "focus[es] on the particular facts and circumstances" presented.  *See Chiles*, 865 F.2d at 1213-14.  The "impairment" inquiry states that intervention is warranted where the absent party would be "practically disadvantaged" by exclusion, including where the action's outcome may have meaningful practical effects on the intervenor's ability to protect the interest asserted.  *See Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014) (citing *Stone v. First Union Corp.,* 371 F.3d 1305, 1309–10 (11th Cir. 2004) (quoting *Chiles,* 865 F.2d at 1214)).  The inadequate representation requirement imposes only a minimal burden; it "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate" and the Supreme Court has explained that "the burden of making that showing should be treated as minimal."  *See Chiles,* 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972)).  "The fact that the interests are similar does not mean that approaches to litigation will be the same."  *Id*. at 1214-15 (citing *Trbovich*, 404 U.S. at 539).  Where an existing party seeks the same objectives as the proposed intervenor, there is a presumption of adequate representation, but that presumption is "weak" and may be overcome with evidence to the contrary.  *In re Martinez*, 736 F. Supp. 3d at 1201.

**III.   DISCUSSION**

To recap, Movant argues that his intervention is timely in this § 1782 proceeding, that he

has a direct and legally protectable interest because he is the "underlying target" of the requested discovery for use in the Spanish and Florida divorce proceedings, that he would be practically disadvantaged if the Court authorizes discovery without his participation, and that the subpoena Respondents cannot adequately represent his interests.  *See* ECF Nos. [7] and [10].  Applicant does not dispute timeliness, but she contends Movant lacks a substantial protectable interest because the discovery she seeks concerns records she claims belong to her or to trusts in which she was a beneficiary and advisor.  *See* ECF No. [9].  Applicant also argues that production of what she characterizes as her own records will not practically disadvantage Movant, and that Respondents, specifically Havdiak, adequately represent his interests.  *See id*.  The Court finds that Movant has satisfied all four factors warranting intervention.

First, the Court finds the Motion was timely filed.  Applicant filed her § 1782 application on August 27, 2025, seeking discovery for use in a pending divorce proceeding in Barcelona, Spain.  *See* ECF No. [1].  Movant retained counsel on September 2, 2025 and filed the Motion on September 5, 2025 — approximately nine days after the Application was filed and at the outset of the federal proceeding.  *See* ECF No. [7].  This short interval weighs strongly in favor of timeliness under the flexible timeliness framework, particularly because § 1782 applications are frequently presented *ex parte* and the practical notice to an interested party commonly arises only after counsel learns of the filing and/or impending subpoena service.  *In re Martinez*, 736 F. Supp. 3d at 1200 (quoting *Georgia*, 302 F.3d at 1259).

Second, the Court finds Movant has a direct, substantial, legally protectable interest in the subject of the § 1782 proceeding.  The Application seeks documents and records from third parties in this District for use in the foreign divorce case, including discovery directed to individuals and entities associated with Movant and his financial affairs.  *See* ECF No. [1].  The Application alleges

7

that Movant, working with Sukhin, Hill, Bass, and others, caused hundreds of millions of dollars of alleged marital assets to be placed into trust structures presented as estate planning. *See id*. at 2-3, 7-9. Applicant also expressly alleges that Movant and Respondents concealed that the trust structures were designed so that Applicant's beneficiary status and any claim to trust assets would terminate if Movant filed for divorce. *See id*. at 2-3, 9. The Application further alleges Applicant was only *nominally* appointed "Trust Advisor" to create the appearance of her consent and to allow Movant to disclaim beneficial ownership, while she was misled about the trusts' true workings and denied meaningful information about trust assets. *See id*. at 8-9, 10-11. According to the Application, Movant and the professionals diverted trust assets into "secret sub-trusts" for Movant's exclusive benefit — including through "qualified disclaimers" that allegedly triggered provisions routing disclaimed assets to a sub-trust for Movant's exclusive control — thereby giving him effective access and control notwithstanding contrary representations. *See id*. at 3, 7-10. Finally, the Application alleges that she is unable to trace or prove ownership and control without third-party records. *See id*.

Under Eleventh Circuit precedent, intervention of right requires a "direct, substantial, [and] legally protectable" interest and a fact-specific, flexible inquiry; an interest is sufficient where the intervenor is a real party in interest in the transaction or subject matter at issue. *See Chiles*, 865 F.2d at 1213 (citing *Athens,* 690 F.2d at 1366). Given that the discovery is sought for use against Movant in the Spanish divorce proceeding, and is aimed at information concerning him, Movant's interest satisfies Rule 24(a)(2)'s "interest" requirement. Applicant's argument that the discovery she seeks concerns records she claims belong to her or to trusts in which she was a beneficiary and advisor does not negate Movant's own interest in financial documents that relate to Movant's own finances and spending. Applicant's own allegations make clear that she is not the sole owner of

the subject financial documents, so her argument does not negate Movant's own interest in them. Accordingly, Movant satisfies the second factor.

Third, the Court finds that disposition of the Application without Movant's participation may, as a practical matter, impair or impede his ability to protect his interests. The Application is the vehicle through which the requested subpoenas, and document production, would be authorized and enforced in this District. The Eleventh Circuit frames this element in practical terms: "[a]ll that is required" is that the would-be intervenor be "practically disadvantaged" by exclusion, and courts recognize that the action's practical consequences can supply the impairment needed for intervention. *See Huff*, 743 F.3d at 800 (citing *Stone,* 371 F.3d at 1309–10; *Chiles,* 865 F.2d at 1214). Because the requested discovery is directed at information about Movant for use in foreign litigation, denying intervention would risk authorizing and executing discovery affecting Movant's asserted privacy and litigation interests without affording him an opportunity to be heard before production occurs. Similar to the second factor, Applicant's argument that Movant is not practically disadvantaged by production of what she characterizes as her own records is not persuasive as her allegations clearly explain that she is not the sole owner of the subject financial documents. Accordingly, her argument does not negate Movant's own interest. Movant, therefore, satisfies the third factor.

Fourth, the Court finds Movant has met the minimal burden to show that existing parties may not adequately represent his interests. The inadequate representation element is satisfied where representation "may be" inadequate, and the burden "should be treated as minimal," such that intervention should be allowed unless it is clear the existing parties will provide adequate representation. *See Chiles,* 865 F.2d at 1214; *Huff,* 743 F.3d at 800. Here, Applicant is Movant's adversary in the underlying Spanish divorce proceeding, and the Application targets non-parties

to the Spanish divorce proceeding whose incentives and defenses are not necessarily aligned with Movant's interests. Indeed, Respondents are parties with no liability or interest in the Spanish proceeding. Applicant's principal adequacy argument — that Movant's long-term partner, Havdiak, is already a Respondent and her interests "align" with Movant's — does not eliminate the risk of inadequate representation under the governing "minimal burden" standard. Even if Havdiak shares a general preference to resist disclosure, her incentives and defenses as a subpoena recipient may differ from Movant's incentives and defenses as the asserted "target" of the discovery. For example, Havdiak may focus on burden, privacy, or her own account records or Movant's accounts that affect her, while Movant may seek to litigate broader relevance, scope, or limitations tied to his asserted interests against the other Respondents and accounts not linked, controlled, or of interest to Havdiak. In other words, as in *Huff*, alignment on a broad "litigation position" does not compel a finding of adequate representation where the intervenor's interests and practical stakes are different in kind and degree. *See Huff*, 743 F.3d at 800. Therefore, Movant has satisfied the fourth requirement. For these reasons, and because Rule 24(a)'s requirements are met, intervention as of right[3] is warranted.

## IV.   CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion, **ECF No. [7]**, be **GRANTED**. If the District Judge adopts this Report and Recommendation, I further

---

[3] Movant raises permissive intervention under Rule 24(b) for the first time in his Reply. The Court declines to consider an argument presented belatedly in that manner. "Rule 7.1(c) of the Local Rules of the Southern District of Florida provides that a reply memorandum 'shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law.'" *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015), *aff'd*, 839 F.3d 1003 (11th Cir. 2016) (quoting S.D. Fla. L.R. 7.1(c)). "Thus, '[a] reply memorandum may not raise new arguments or evidence . . .'" *See id*. (quoting *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14–CV-20140, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014)). In any event, the Court need not reach permissive intervention because Movant satisfies Rule 24(a)(2) and is entitled to intervene as of right. The Reply's permissive intervention request does not alter the analysis supporting intervention as of right.

recommend that Movant **BE ORDERED** to file his response to the Application **no later than ten (10) days** from the order adopting it.

Pursuant to Local Magistrate Rule 4(b), the Parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Chambers in Miami, Florida on January 9, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record